UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

Plaintiff,

*v*.

FEDERAL RESERVE BANK OF ATLANTA; EXTRUDED ALUMINUM CORPORATION,

Defendants.

_______________________________________/

**COMPLAINT**

Comerica Bank complains against the Federal Reserve Bank of Atlanta and Extruded Aluminum Corporation:

**Jurisdiction, Parties**

1. Jurisdiction:

a. This civil action arises, in part, under the laws of the United States and presents a federal question thus conferring this district court with subject matter jurisdiction. *See*, 28 U.S.C. §1331; 12 U.S.C. §632; 12 C.F.R. §210.6(b).

b. Diversity jurisdiction exists regarding the declaratory judgment claim because Comerica Bank and Extruded Aluminum Corporation are citizens of

different states (*see* paragraphs 2 and 3, below) and the amount in controversy exceeds $75,000. *See*, 28 U.S.C. §1332.

2. Plaintiff Comerica Bank is a Texas banking association organized under Texas law with its principal place of business in Dallas, Texas.

3. Defendant Extruded Aluminum Corporation is a Michigan corporation conducting business at 7200 Industrial Drive, Belding, MI 48809.

4. Defendant Federal Reserve Bank of Atlanta is a federal corporation that is organized and existing under the laws of the United States of America (the "Atlanta Fed").

5. Venue is proper here because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. *See*, 28 U.S.C. §1391 and other venue statues.

**General Allegations**

6. At all times relevant to the events alleged in this complaint, Extruded Aluminum Corporation has been a customer of Comerica Bank and maintained a checking account with terminal numbers x7815.

7. On or about December 18, 2013, Extruded Aluminum Corporation issued its check #085880 for $6,648 that was originally made payable to its vendor, "Cass Tool Tooling Systems" (the "Original Check"), which was drawn on Extruded Aluminum Corporation's checking account at Comerica Bank

identified with terminal numbers x7815. (**Exhibit-1**, Extruded Aluminum Corporation's record of issuance of the Original Check).

8. Subsequently, Comerica Bank received notice from Extruded Aluminum Corporation that the Original Check had been fraudulently altered in a manner that was unauthorized as follows:

   a. Payee alteration: "Cass Tool Tooling Systems" had been altered to "The Blue Lake Company";

   b. Amount alteration: $6,648 had been altered to "$266,648.00".

9. Extruded Aluminum Corporation executed an affidavit attesting to the unauthorized alteration. (**Exhibit-2**, Affidavit; **Exhibit-3**, Altered Check).

10. The Altered Check was negotiated at and deposited into an account at Uniti Bank identified with the terminal numbers x8138.

11. By operation of law and otherwise, Uniti Bank endorsed the Altered Check as the "depository bank" when it accepted the item for deposit and caused it to be presented for payment through the Federal Reserve System.

12. The Atlanta Fed processed and then presented the Altered Check for payment to Comerica Bank.

13. Comerica Bank's employees working in its funds control – settlement operation center in this judicial district processed the transaction upon receipt from the Atlanta Fed on or about December 27, 2013.

14. When presenting the Altered Check for payment, the Atlanta Fed warranted, *inter alia*, to Comerica Bank that: "(i) The Reserve Bank is a person entitled to enforce the item (or is authorized to obtain payment of the item on behalf of a person that is either entitled to enforce the item or authorized to obtain payment on behalf of a person entitled to enforce the item); (ii) The item has not been altered; and (iii) The item bears all indorsements applied by parties that previously handled the item, in paper or electronic form, for forward collection or return." *See*, 12 C.F.R. §210.6(b); *see also*, U.C.C. §4-207.

15. In reliance on the Atlanta Fed's statutory and regulatory warranties, Comerica Bank paid the Altered Check in good faith by charging $266,648 against the checking account of its customer, Extruded Aluminum Corporation.

16. After learning from Extruded Aluminum about the alteration of the Original Check, Comerica Bank notified Uniti Bank and made a claim upon that bank. (**Exhibit-4**, Comerica Bank's Outgoing Collection Letter).

17. To date, there has been no reimbursement received from any source in connection with the Altered Check.

18. Comerica Bank has been damaged by the Atlanta Fed's breach of warranties and other actions and/or inactions.

19. As a result of the Atlanta Fed's conduct and breach of warranties, an actual controversy now exists between the parties to this civil action, including

between Comerica Bank and Extruded Aluminum Corporation. As alleged in Count-III, Extruded Aluminum Corporation claims that Comerica Bank improperly charged $266,648 against Extruded Aluminum Corporation's checking account in violation of U.C.C. §4-401 and/or charged that amount in violation of the account agreement between them.

<u>COUNT-I</u>
*Breach of Warranties By The Atlanta Fed*:
12 C.F.R. §210.6

20. Comerica Bank incorporates the above allegations into this Count.

21. Relevant federal law at 12 C.F.R. §210.6(b) provides as follows:

> Warranties and liability. The following provisions apply when a Reserve Bank presents or sends an item. (1) Warranties for all items. The Reserve Bank warrants to a subsequent collecting bank and to the paying bank and any other payor that —
>
> (i) The Reserve Bank is a person entitled to enforce the item (or is authorized to obtain payment of the item on behalf of a person that is either entitled to enforce the item or authorized to obtain payment on behalf of a person entitled to enforce the item);
>
> (ii) The item has not been altered; and
>
> (iii) The item bears all indorsements applied by parties that previously handled the item, in paper or electronic form, for forward collection or return.

22. The Atlanta Fed breached its warranties in 12 C.F.R. §210.6(b)(1) to Comerica Bank when the Atlanta Fed presented the Altered Check to Comerica Bank and received payment as the result of same.

23. As a result of the Atlanta Fed's actions or inactions, Comerica Bank has been damaged. In addition, Comerica Bank has incurred expenses, attorney fees and costs as a result of the breach of warranties alleged herein.

**WHEREFORE**, Comerica Bank requests a judgment against the Federal Reserve Bank of Atlanta in the amount of $266,648, plus all other damages allowed by law, including, but not limited to, consequential damages, attorney fees, interest, expenses and costs.

COUNT-II
*Breach of Warranties By The Atlanta Fed*:
U.C.C. §4-207

24. Comerica Bank incorporates the above allegations into this Count.

25. The Atlanta Fed owed to Comerica Bank the warranties in U.C.C. §4-207.

26. The Atlanta Fed breached its warranties in U.C.C. §4-207 to Comerica Bank when the Atlanta Fed presented the Altered Check to Comerica Bank and received payment as the result of same.

27. As a result of the Atlanta Fed's actions or inactions, Comerica Bank has been damaged. In addition, Comerica Bank has incurred expenses, attorney fees and costs as a result of the breach of warranties alleged herein.

**WHEREFORE**, Comerica Bank requests a judgment against the Federal Reserve Bank of Atlanta in the amount of $266,648, plus all other damages allowed by law, including, but not limited to, consequential damages, attorney fees, interest, expenses and costs.

COUNT-III
*Declaratory Judgment As To*
*Extruded Aluminum Corporation*
28 U.S.C. §2201

28. Comerica Bank incorporates all above allegations into this Count.

29. Comerica Bank seeks declaratory relief under 28 U.S.C. §2201 and other applicable law and federal court rules.

30. The Extruded Aluminum Corporation account x7815 was governed by:

a. The BUSINESS AND PERSONAL DEPOSIT ACCOUNT CONTRACT, as that document was amended from time to time, and the signature card document (jointly the "account agreement"). On information and belief, Extruded Aluminum Corporation has a copy of the account agreement.

b. Applicable chapters of Michigan's Uniform Commercial Code, including, without limitation: M.C.L. §440.3101, *et seq*, and M.C.L. §440.4101, *et seq*, among other statutes.

31. As a result of the Atlanta Fed's breach of warranties, an actual controversy exists between Comerica Bank and Extruded Aluminum Corporation.

32. Extruded Aluminum Corporation claims that Comerica Bank improperly charged $266,648 against Extruded Aluminum Corporation's account in violation of U.C.C. §4-401 and/or charged that amount in violation of the account agreement between Comerica Bank and Extruded Aluminum Corporation.

**WHEREFORE**, Comerica Bank requests the following declaratory relief as to Extruded Aluminum Corporation:

A. That Extruded Aluminum Corporation be restrained from commencing any civil action against Comerica Bank regarding the matters raised in this complaint;

B. A determination of Comerica Bank's liability, if any, for damages incurred by Extruded Aluminum Corporation, if any, arising out of the Altered Check and/or other matters other theories;

C. That Comerica Bank recover its costs and expenses;

D. Any other relief appropriate under the circumstances.

Dated: February 25, 2014

*/s/ David F Wells*
David F. Wells
Stancato Tragge Wells, PLLC
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 351-9779
dwells@stwlawfirm.com
P47588

*/s/ Henry Stancato*
Henry Stancato
Stancato Tragge Wells, PLLC
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 351-9779
hstancato@stwlawfirm.com
P29538

**COMPLAINT EXHIBIT-1**

| INVOICE NO. | AMOUNT | DISCOUNT | NET AMOUNT |
|---|---|---|---|
| 85869 | 3676.00 | 0.00 | 3676.00 |
| 85940 | 2972.00 | 0.00 | 2972.00 |

DATE

11/25/13

CHECK NUMBER

00085880

$ 5648.00

CASTOOL TOOLING SYSTEMS

Extruded Aluminum Corporation 7200 Industrial Dr. Belding, MI 48809

FORMS & LABEL SYSTEMS - ADA, MI 49301 (616)-676-5851

| 11 | 1.00 | 0.00 | 1.00 | EAC-SB-PRESS12 | SHEAR BLADE - PRESS 12 | 2,245.00 | EACH | 0.00 |
|---|---|---|---|---|---|---|---|---|

**COMPLAINT EXHIBIT-2**



**Affidavit of Forgery, Alteration, or Missing Signature/Endorsement**
**Each Claimant/Affiant must complete an Affidavit for each Check**

| Section I -- Claimant/Affiant Information | FID Case/Alert No. 1401045924 | |
|---|---|---|
| Name<br>Extruded Aluminum Corporation | Home Phone | Work Phone<br>616-794-0300 |
| Address<br>7200 Instrustial DR | City<br>Belding | State/Zip<br>MI 48809 |
| Primary I.D | Secondary I.D. | |

**Section II --Check Information**

| Bank Check Was Drawn On Comerica | Issued By (Maker of Check) Extruded Aluminum Corporation | Check # 85880 | Check Date 12/18/2013 | Post Date 12/27/2013 | Amount $266648.00 |
|---|---|---|---|---|---|
| Payable to the Order of: The Blue Lake Company | | | | | |

**Section III --Affidavit**
**Initial the appropriate box(es) to describe the claim(s) of forgery, alteration, or missing signature/endorsement.**

To: Comerica and/or _____, the Depository Bank, if other than Comerica. By signing below, I declare that the statement(s) contained in this Affidavit, including the statements in the boxes I have initialed below are true.

| Initials | Claim |
|---|---|
| ☐ | **Maker's Signature Forged** -- The maker's signature of _____ on the check is a forgery. I did not sign the check and I did not authorize the signature. |
| ☐ | **Unauthorized Maker's Signature** -- The maker's signature of _____on the check is not authorized. The person who issued and signed the instrument is not authorized to use the account. |
| ☐ | **Endorsement Forged** -- The endorsement of _____, a named payee on the check is a forgery. I did not authorize or write the endorsement. |
| ☐ | **Missing Endorsement-- Payee's Statement.** My endorsement on the check is missing and I did not authorize the negotiation of the check and did not benefit from the negotiation of the check. I declare I was entitled to receive $_____ as the/a payee of the check. |
| ☐ | **Missing Endorsement-- Maker's Statement.** The endorsement of payee(s) _____, was /were missing on the check and said payee(s) was/were entitled to receive $_____ (describe amount/percentage for each payee who claims to have not received payment and did not authorize negotiation. If Maker does not know amount the payee(s) was/were entitled to receive indicate "unknown".) |
| ☒ | **Check Amount Altered** -- The amount of the check as written was altered from the amount of $6,648.00 to $266,648.00. I did not alter the amount of the check nor did I authorize any alteration. |
| ☒ | **Payee Named Was Altered** -- The name of the payee(s) as written was altered on the check from Cass Tool Tooling Systems to make it payable to The Blue Lake Company, I did not alter the payee's name nor did I authorize any alteration. |
| ☐ | **Other** – _____ |

I declare that:

I did not receive any benefit or value from proceeds of the above described check, and no proceeds from it were applied to any use or purpose on my behalf.
I have not arranged with the person(s) who misused the check to be reimbursed or receive benefit from the proceeds of the above described check.
I promise to testify or certify to the truth of all applicable statements in this affidavit before any competent judge, officer of the court, or other person, in any case now pending or which may occur regarding this affidavit.
I suspect ______________________________ of (address if known, home/ work)
______________________________
of having misused the check described in this affidavit, as I have stated above. I believe this person did this under the following circumstances: (Please provide as much information as possible).______________________________
______________________________
______________________________
______________________________
(Use other side if necessary)
I fully realize that Comerica or the bank that negotiated this check may cause the arrest of a person or persons (including the person(s) suspected above) for the forgery of affiant's signature or the alteration identified above and I hereby acknowledge that any such arrests may be caused by Comerica or the bank where the check was negotiated or deposited, solely in reliance upon the representations of fact made herein, regardless of whether one or more persons arrested is a relative or friend of affiant. In addition, I will indemnify and hold harmless Comerica and/or the bank where the check was negotiated or deposited from any liability arising out of; relating to or in any connection with such arrest in the event that the representations of fact made herein should prove to be untrue.

Affiant [signature] Date 1/17/14
Print Name: CHARLES R HALL Title PRESIDENT

If applicable, Affiant is an agent of and completing this affidavit on behalf of (Print Name of Principal)
______________________________, and as such is authorized to speak on its behalf.

**NOTARY**

State of Michigan }SS
County of Kent }

The above Affidavit was executed before me this 17 day of January, 2014
by (Affiant's Name) CHARLES R HALL
Notary Public X [signature: Vera A Hamacher]
Kent County My Commission Expires August 15, 2019 Seal______

**WITNESSES** (if Notary is unavailable)

______________________________
______________________________

**COMPLAINT EXHIBIT-3**


THIS CHECK HAS A COLORED BACKGROUND AND CONTAINS MULTIPLE SECURITY FEATURES - SEE BACK FOR DETAILS

EAC

Extruded Aluminum
CORPORATION
7200 Industrial Drive
Belding, Michigan 48809

Comerica Bank - Ann Arbor, N.A.
Ann Arbor, MI

9-9
720

CHECK NO. 085880

00085880

TWO HUNDRED SIXTY SIX THOUSAND SIX HUNDRED FORTY EIGHT DOLLARS AND 00 CENTS

| DATE | AMOUNT |
|---|---|
| 12/18/13 | $****266,648.00 |

PAY TO THE ORDER OF

THE BLUE LAKE COMPANY
5300 BEACH BLVD #110-384
BUENA PARK, CA 90621

HEAT SENSITIVE RUB AREA TO VERIFY

Extruded Aluminum Corporation

⑈085880⑈ ⑆072000096⑆ [redacted]7815⑈

8260088847 12-27-2013 >122243415<

The Blue Lake Company
# [redacted]8138

Posted : 12/27/2013
Bank : 0002
R/T : 7200009
Account : [redacted]7815
Check : 85880
Amount : 266648.00
DIN : 974523909

**COMPLAINT EXHIBIT-4**



**OUTGOING COLLECTION LETTER**

Ph.(248) 371-6955

**Type:** Without Entry

**Claim:** Altered Payee and Alter

**Clerk:** Bev Turk

| **OUR CUSTOMER:** EXTRUDED ALUMINUM CORPORATION | **Reference #** 2014122-2233<br>**Date:** 1/22/2014 |
|---|---|

**TO:** UNITI BANK
Attn: Fraud Dept attn: Heidi Kim.
6301 Beach Blvd Ste 100
Buena Park, California 90621

MAIL PAYMENT TO: COMERICA BANK
P.O. BOX 75000
MC 7399 Attn: Bev Turk
DETROIT, MI 48275

**REMARKS** Attached copy of altered payee and $amount affidavit. Indemnified copy of check 85880 payable to The Blue Lake Company. The original check was written to Castool Tooling System in the amount of $6,648.00. Enclosed is a copy of the invoice showing the check number, Original $amount, and the original payee.

REMIT: $266,648.00